UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MATTHEW W. BROOKS, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | 1:13-cv-00388-GZS |
| | ) | 1:03-cr-00020-GZS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Defendant Matthew W. Brooks has filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255.  (Motion, ECF No. 41.)  He was sentenced in 2003 after he pleaded guilty to being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e).   He argues that the sentencing court erroneously classified him as an armed career criminal.  I have screened Brooks's claims, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, and recommend that the court summarily dismiss the motion without requiring the government to file an answer, because Brooks's motion is untimely.

**Facts and Procedural History**

Brooks was indicted in March 2003 on three counts for being a felon in possession of firearms (counts one and two) and ammunition (count three).  (Indictment, ECF No. 11.)  In support of the allegation that Brooks is a convicted felon, the indictment lists five state convictions that occurred between 1990 and 1998 in Massachusetts.  These include two drug crimes, one for possession and another for distribution near a school or park; assault and battery

on a police officer; breaking and entering in the night with intent to commit a felony; and assault by use of a dangerous weapon.  In July 2003, Brooks pleaded guilty to all three counts of the felon-in-possession indictment, pursuant to a plea agreement.  (ECF No. 29.)  The signed plea agreement states, among other things, that "[t]he parties further agree and understand that the maximum statutory penalty that may be imposed upon conviction on each of Counts One, Two and Three of the Indictment is imprisonment of not less than 15 years or more than life . . . ."  (Plea Agreement at 1, ECF No. 28.)  In November 2003, Brooks was convicted and sentenced to fifteen years (180 months) of imprisonment on each of the three counts, to be served concurrently, followed by three years of supervised release on each of the counts, to be served concurrently.  (Judgment, ECF No. 33.)

Brooks, acting pro se, filed a notice of appeal in October 2004.  The First Circuit issued a mandate dismissing the appeal as untimely.  (Mandate, ECF No. 39.)

In October 2013, Brooks filed a motion pursuant to 28 U.S.C. §2255.  He attacks three of his five prior state convictions listed in the 2003 indictment, in an effort to fall below the minimum three previous convictions required under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), for the imposition of an enhanced fifteen-year sentence.  Two of these are the drug convictions, which he argues were improperly considered "serious drug offenses," as that term is defined under section 924(e)(2)(A), for purposes of his 2003 sentencing on the felon-in-possession offenses.  He asserts that because he was prosecuted in the state's District Court, the maximum term of imprisonment was limited to two and one half years.  Because section 924(e)(2)(A) provides that to qualify as a "serious drug offense," a maximum sentence of ten years or more must have been imposed, and the two prior drug convictions carried lesser sentences, neither of them qualifies.  Brooks cites Carachuri-Rosendo v. Holder, 560 U.S. 563

(2010), and other cases in support. The third prior conviction he attacks is the one for assault and battery on a police officer, which he argues should not be considered a "violent felony," pursuant to section 924(e)(2)(B). He asserts that the First Circuit recently held that a Massachusetts assault conviction cannot categorically be considered a "violent felony" under section 924(e)(2)(B). Finally, Brooks cites to Alleyne v. United States, 133 S. Ct. 2151 (2013), arguing that facts found in support of an enhanced sentence under the Armed Career Criminal Act must be decided by the jury and found beyond a reasonable doubt.

## Discussion

The statute of limitations for post-conviction petitions is set forth in 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See Turner v. United States, 699 F.3d 578, 582 (1st Cir. 2012).

Brooks's judgment became final on November 17, 2003, which was ten days after the judgment was entered, pursuant to the version of Fed. R. App. P. 4(b)(1)(A) then applicable. Although the First Circuit apparently has not yet decided the issue of when an unappealed

judgment is final, the Second Circuit has held that "an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir.2005); see also Martinez–Serrano v. United States, 3:11-cv-01077-JAF, 3:07-cr-00453-JAF-9, 2012 WL 6016663, at *1, 2012 U.S. Dist. Lexis 171941, at *3-5 (D.P.R. Nov.30, 2012) (collecting cases and noting that although the Supreme Court and the First Circuit had apparently not yet decided the issue, most if not all other circuit courts that have addressed the issue have held that an unappealed federal criminal conviction is final when the time for filing an appeal expires); but see Mendoza-Miguel v. United States, 7:10-cv-00205-BO; 7:08-cr-00127-BO-1, 2010 WL 5353970, at *1-2, 2010 U.S. Dist. Lexis 135077, at *3-4 (E.D.N.C. Dec. 21, 2000) (collecting cases and noting that circuit courts are split, citing United States v. Sanders, 247 F.3d 139, 142 (4th Cir.2001) (holding that an unappealed judgment of conviction becomes final on the date the district court enters judgment)). Of course, either way, his motion is untimely under section 2255(f)(1).

Brooks relies on Carachuri-Rosendo to challenge his prior drug convictions. (Motion at 3.) Carachuri-Rosendo was decided on June 14, 2010. 560 U.S. 563. Brooks did not file his collateral attack until October 17, 2013, i.e., more than one year after "the date on which the right asserted was initially recognized by the Supreme Court," and therefore after the limitations period set forth in section 2255 (f)(3). I need not address whether the Court's holding in Carachuri-Rosendo is applicable at all or whether that case is retroactively applicable to cases on collateral review. See United States v. Odom, No. 2:08-cr-67-DBH-05, 2013 WL 2435915, *2 n.7, 2013 U.S. Dist. Lexis 79191, *6 n. 7 (D. Me. June 4, 2013).

To the extent Brooks challenges the determination that his conviction for assault and battery on a police officer constituted a conviction for a "violent felony" as that term is defined

in 18 U.S.C. § 924(e)(2)(B), that argument is also unavailing. Although Brooks does not name the recent case on which he relies, he states that the First Circuit has held that a Massachusetts conviction for assault does not qualify as a "violent felony" for purposes of sentencing under the Armed Career Criminal Act. He may be referring to United States v. Holloway, 630 F.3d 252, 262 (1st Cir. 2011) ("In sum, because the Massachusetts simple assault and battery statute covers multiple offenses, at least one of which, reckless battery, is categorically not a violent felony, a court may only rely on an assault and battery conviction if it can ascertain that the defendant was convicted of the violent form of the offense (e.g., harmful battery).").

In order to trigger the limitations period set forth in 28 U.S.C. §2255(f)(3), the applicable precedent must be newly recognized by the Supreme Court; new case law from the First Circuit does not provide grounds to trigger the start of a new limitations period under section 2255(f)(3). See Dodd v. United States, 545 U.S. 353, 357-59 (2005) (holding that section 2255(f)(3) "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court'"). Thus, new First Circuit precedent would not help Brooks, even if he had filed his petition within a year of the publication of a favorable First Circuit opinion. [1]

To the extent Brooks relies on Alleyne, that case is not applicable. The Supreme Court's holding in Alleyne is an extension of its holding in Apprendi v. New Jersey, 530 U.S. 466, 477 (2000). As the plurality explained in Alleyne, the Court held in Apprendi that "any fact that increased the prescribed statutory maximum sentence must be an 'element' of the offense to be found by the jury." Alleyne, 133 S. Ct. at 2157 (emphasis added) (citing Apprendi, 530 U.S. at

---

[1] Incidentally, there is additional First Circuit precedent that is not in Brooks's favor. See United States v. Dancy, 640 F.3d 455, 468-70 (1st Cir. 2011) (holding that a Massachusetts conviction for assault and battery on a police officer qualifies as a "violent felony" and hence a predicate offense under section 924(e)(2)(B)(ii), for purposes of enhanced sentencing of not less than fifteen years, pursuant to section 924(e)(1)), cert. denied, 132 S. Ct. 564 (2011).

483, n.10, 490).  In <u>Alleyne</u>, reasoning from <u>Apprendi</u>, the Supreme Court held that because mandatory <u>minimum</u> sentences increase the penalty for a crime, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."  <u>Id.</u> at 2155.  However, there is no current authority for the proposition that <u>Alleyne</u> applies to the fact of prior convictions: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  <u>Apprendi</u>, 530 U.S. at 490.  In other words, the existence or not of a prior conviction is not a fact that must be submitted to a jury.  <u>Id.</u>

Furthermore, by pleading guilty, Brooks admitted the facts set forth in the indictment, which include the convictions that are the subject of his section 2255 motion.  Even in his current motion he does not deny that he was convicted of these offenses; his arguments pertain to the legal significance of the offenses, not the fact of conviction.  He does not dispute that his plea was knowing and voluntary.  When the defendant pleads guilty to facts that support a sentence in excess of the statutory maximum, those facts need not be proved to a jury.  See <u>United States v. Booker</u>, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts <u>established by a plea of guilty</u> or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added); <u>United States v. Wilson</u>, 185 F. App'x 6, 8 (1st Cir. 2006).  There is no reason why the same rationale would not apply to a prior conviction which is necessary to support a mandatory minimum sentence as well.

## Conclusion

For the reasons stated above, I conclude that no evidentiary hearing is warranted under Rule 8 of the Rules Governing Section 2255 Cases and I recommend that the Court deny

6

Brooks's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 5, 2013